| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL I | | |
|---|---|---|
| SUCESIÓN DE FRANCISCO RIVERA SÁNCHEZ Y DE CRISTINA VEGUILLA, COMPUESTA POR WILMA, ORLANDO Y JOSÉ FRANCISCO, TODOS DE APELLIDOS SANTOS RIVERA Recurridos EX PARTE RAFAEL RIVERA RIVERA Peticionario | TA2026CE00555 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama Civil núm.: G JV2017-0019 (301) Sobre: Expediente de Dominio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de mayo de 2026.

Según se explica en detalle a continuación, procede la desestimación del presente recurso por falta de jurisdicción, ya que fue presentado más de un mes luego de expirado el término de cumplimiento estricto aplicable, sin que se intentara acreditar justa causa para la referida dilación.

I.

En junio de 2018, el Tribunal de Primera Instancia ("TPI") dispuso de la petición de epígrafe (sobre expediente de dominio) mediante una Resolución final (la "Sentencia"). El TPI consideró "justificado el expediente de dominio a favor de los peticionarios" y ordenó la inscripción de la finca objeto de la petición de referencia.

Más de siete años luego, en septiembre de 2025, el Sr. Rafael Rivera Rivera (el "Interventor"), quien hasta entonces no había sido parte ni participado en este trámite judicial, presentó una moción

de relevo de la Sentencia (la "Moción"), la cual denominó *Recurso de Revisión Judicial sobre Impugnación de Resolución*.

Los peticionarios de referencia (los "Peticionarios") se opusieron a la Moción. Señalaron que el Interventor no tiene legitimación activa para impugnar la Sentencia, pues "en nada se relaciona ni se perjudica" por la misma. Indicaron que el Interventor lo que pretende es "obtener la posesión de tres (3) fincas cuando solo opcionó una sola finca".

Mediante una Resolución emitida el 27 de enero, y notificada el 29 de enero (la "Resolución"), el TPI denegó la Moción. El TPI razonó que "todas las partes indispensables (colindantes, sucesiones, agencias gubernamentales, etc.) fueron debidamente notificadas y emplazadas". Señaló que, a través de un edicto, se notificó a "cualquier parte que pudiese tener algún interés en la controversia". El TPI determinó que el Interventor "no es colindante ni tiene interés alguno en la finca … objeto del proceso de expediente de dominio". El TPI también concluyó que no tenía mérito el planteamiento del Interventor en cuanto a un supuesto fraude por parte de los Peticionarios.

El 12 de febrero, el Interventor solicitó la reconsideración de la Resolución, lo cual fue denegado por el TPI mediante una Resolución notificada el **18 de febrero** (el "Dictamen").

Inconforme, el **6 de mayo**, el Interventor presentó el recurso que nos ocupa, mediante el cual solicita revisemos la Resolución. Disponemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra

jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 32(C) de nuestro Reglamento establece que el término para presentar el recurso de *certiorari* será "dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida". Dicho término es de cumplimiento estricto, por lo cual puede ser prorrogado por justa causa debidamente sustentada en la petición de *certiorari.* Regla 52.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b); *Córdova v. Larín*, 151 DPR 192, 194-5 (2000). La justa causa tiene que ser acreditada con explicaciones concretas y particulares que permitan al juzgador concluir que hubo una excusa razonable para la tardanza. *Febles v. Romar*, 159 DPR 714, 720 (2003); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-3 (2013).

Por su parte, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 83, permite la desestimación de un recurso de apelación o la denegatoria de un auto discrecional por falta de jurisdicción. La referida regla también nos faculta a desestimar cuando el recurso se presentó fuera del término de cumplimiento estricto y no se acreditó la justa causa para la demora. *Íd.*

III.

El término para revisar la Resolución expiró el 20 de marzo, más de un mes antes de que se presentara el recurso de referencia. Adviértase que el Dictamen se notificó el 18 de febrero. Por tanto, el término de cumplimiento estricto disponible para presentar el recurso que nos ocupa expiró más de un mes antes de la fecha en que se presentó (6 de mayo).

El Interventor no intentó explicar por qué presentó el recurso más de un mes luego de expirado el término aplicable. Aparentemente, el Interventor consideró que unas mociones presentadas luego de notificado el Dictamen de algún modo extendieron el término para solicitar la revisión de la Resolución. No tiene razón. En nada afectó el término para solicitar la revisión de la Resolución lo actuado por el TPI, a mediados de marzo, al notificar "nada que disponer" en cuanto a unos escritos de las partes relacionados con la moción de reconsideración que ya se había resuelto en febrero a través del Dictamen. De forma similar, dicho término tampoco se afectó por la denegatoria del TPI, en abril, de una moción de reconsideración del Interventor en cuanto a la notificación de marzo sobre "nada que disponer".

No podemos olvidar que la justa causa tiene que ser acreditada con explicaciones concretas y particulares; es decir, no puede concluirse que hubo justa causa sobre la base de generalidades, mucho menos cuando ni siquiera hubo un intento de acreditarla. *Febles*, *supra*; *Soto Pino*, *supra*.

Al haber vencido el término que tenía el Interventor para presentar su recurso, y como este ni siquiera intentó acreditar la existencia de justa causa para la demora sustancial en presentar el recurso de referencia, no tenemos jurisdicción para revisar la decisión recurrida.

IV.

Por los fundamentos antes expuestos, desestimamos la petición de *certiorari* de referencia.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones